UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO POLONCO,<br><br>    Plaintiff,<br><br>    v.<br><br>M. D. BITER, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-00984-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Rigoberto Polonco is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on June 19, 2012.

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. The Court will provide Plaintiff with the legal standards that appear to apply to the claims. Plaintiff should carefully review the standards and amend only those claims that he believes are cognizable.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

        Plaintiff's hand-written complaint is somewhat incoherent and at points illegible. The Court will set forth the factual circumstances as best it can decipher. Petitioner names Warden, D. Biter, and Does 1 through 5 in his complaint.

        On May 5, 2011, at or about 3:45 p.m., Plaintiff was taken to the shower while holding a gold chain and cross in his mouth. Control official, John Doe 1, observed Plaintiff "chocking" on his gold chain. John Doe 2, handcuffed Plaintiff telling him to lay face down on his stomach resulting in loss of breathe. John Doe 3, observed the incident and "rushed" Plaintiff putting his leg and full body weight on his back. John Does 2 and 3 restrained Plaintiff while he is in serious medical need. John

Doe 2 and 3 walked Plaintiff down the stairs and he fell more than one time. At one point in time, Plaintiff's foot got stuck between the step and John Doe 3 pulled his leg causing Plaintiff to stumble down the stairs. John Doe 3 repeatedly pulled Plaintiff's hands up until his shoulders popped causing him to fall down. Although Plaintiff was in need of medical attention, John Does 2, 3, and 4, "rushed" Plaintiff forcing him down onto the chair. Plaintiff states, "I need air, I stand up, John Does #s 2, 3, 4 are on me, I'm trying to get air, there is a struggle there is hands all over me. Twisting, bending my hands physical pressure is violent . . . to restrain me. I'm force and hit the wall, my elbow is cut, I'm bleeding and there is blood on John Doe 3's uniform and the floor." (Compl. at 2.)

Plaintiff is awakened later by John Doe 5 who is "yelling, making comments bending, twisting my hands cutting the skin … and there is bleeding. This pain is loss because of the[ir] careless acts." John Does 2 and 4, escorted Plaintiff to a van, and both Does 2 and 4 pulled him out of the van causing him to fall hitting his body and head on the car. Plaintiff contends that a medical examination revealed a gold chain inside his stomach. Plaintiff appears to be proceeding on a claim of excessive force and denial of adequate medical care.

### III.

### DISCUSSION

#### A. Rule 18 and 20

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in his second amended complaint must

be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

### B. Rule 8

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b).

The function of the complaint is not to list every single fact relating to Plaintiff's claims. If Plaintiff wishes to amend his complaint, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of Rule 8.

### C. Excessive Force

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims,

1  the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore
2  discipline, or maliciously and sadistically to cause harm.  Wilkins, 559 U.S. at ___, 130 S.Ct. at 1178
3  (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

4  　　　　Not every malevolent touch by a prison guard gives rise to a federal cause of action.  Wilkins,
5  559 U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).
6  Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided
7  that the use of force is not of a sort repugnant to the conscience of mankind.  Wilkins, 559 U.S. at ___,
8  130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted).  In determining
9  whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's
10 injury, the need for application of force, the relationship between that need and the amount of force
11 used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the
12 severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

13 　　　　While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not
14 end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates
15 contemporary standards of decency.  Wilkins, 559 U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson,
16 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury
17 which ultimately counts.  Id. at 1178.

18 　　　　Plaintiff fails to state a clear and coherent Eighth Amendment excessive force claim against
19 any of the defendants.  Although Plaintiff mentions force utilized by Does 2 through 5, the allegations
20 are vague and conclusory with respect to the nature and amount of force applied.  More importantly,
21 Plaintiff has filed to allege or show that the Doe defendants applied the alleged force in a malicious
22 and sadistic manner.  If Plaintiff elects to file an amended complaint, he should set forth his
23 allegations in a short and clear statement setting forth the alleged misconduct at to each defendant.

24 　　　　**D.**　　　**Medical Attention**

25 　　　　For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a
26 serious medical need by demonstrating that failure to treat [his] condition could result in further
27 significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's
28

5

response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The Court finds that Plaintiff's allegations as to his medical care are too vague to state a constitutional violation as to any of the named Defendants. The fact that Plaintiff alleges he swallowed a gold chain for which medical attention was necessary, fails to demonstrate that any of the Defendants acted deliberately indifferent to a serious medical need.

### E.  Supervisory Liability

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff names D. Biter, Warden of Kern Valley State Prison as a Defendant in this action. However, Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden Biter. The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

///
///
///

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed June 19, 2012, is dismissed for failure to state a claim;

///
///
///
///
///

       3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

       4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 11, 2013**

UNITED STATES MAGISTRATE JUDGE