UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO POLONCO,<br><br>    Plaintiff,<br><br>    v.<br><br>M. D. BITER, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-00984-SAB (PC)<br><br>ORDER DISMISSING DEFENDANTS WARDEN BITER AND JOHN DOE 1 FROM ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM, FINDING SERVICE OF SECOND AMENDED COMPLAINT APPROPRIATE AS TO DEFENANTS JOHN DOES 2 AND 3, AND REQUIRING PLAINTIFF TO FILE A STATUS REPORT<br><br>[ECF No. 17] |

Plaintiff Rigoberto Polonco is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 5, 2012. Local Rule 302.

Now pending before the Court is Plaintiff's second amended complaint, filed on December 23, 2013.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

///

1

1  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks
2  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).
3        A complaint must contain "a short and plain statement of the claim showing that the pleader is
4  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
7  550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally
8  participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
9  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).
10       Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
11 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
12 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
13 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
14 the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
15 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer
16 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
17 consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556
18 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

21       The events at issue in the second amended complaint took place at Kern Valley State Prison
22 (KVSP). On May 5, 2011, Defendant Warden M.D. Biter failed to adhere to the California
23 Department of Corrections and Rehabilitation (CDCR) policy for the safety and security.
24       Plaintiff contends the control official observed Plaintiff choking on a gold chain. Guard 2
25 handcuffed Plaintiff and advised him to lay down on his stomach which caused a serious of breath.
26 Guard 3 observed the urgent need for medical assistance and "rushed" Plaintiff putting his leg and full
27 body weight on his back. Both Guards 2 and 3, restrained Plaintiff while he was in urgent medical
28 need, and walked Plaintiff down the stairs resulting in Plaintiff falling more than once. At one point,

Plaintiff's foot got stuck in between the step, and Guard 3 pulled his leg causing Plaintiff to stumble on the stairs. Guard 3 repeatedly pulled Plaintiff's hands up causing his shoulders to pop resulting in him falling to the ground.

Warden M. D. Biter is responsible for enforcing and training all employees at KVSP. The lack of training of Guards 2 and 3 caused Plaintiff to suffer.

## III.

## DISCUSSION

### A. Excessive Force

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, 559 U.S. at 37-38 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by

the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Wilkins, 559 U.S. at 37.

The complaint states a claim against John Does 2 and 3 based on their role in the use of force upon Plaintiff on May 5, 2011.  However, Plaintiff fails to state a cognizable claim against Defendant John Doe 1, as he merely alleges that this defendant observed his "chocking."  Plaintiff fails to allege that John Doe 1 used any force on Plaintiff.  Plaintiff's bare allegation that he observed him "chocking" is insufficient as he has not alleged any facts linking acts or omissions, which suggest he participated or directed the violations, or knew of the violations and filed to prevent them.  Iqbal, 556 U.S. at 678.

**B.    Supervisory Liability**

Plaintiff continues to name Warden M.D. Biter as a Defendant in this action.  However, as Plaintiff was previously advised, under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's amended complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden Biter.  The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

### C. Dismissal Without Leave to Amend

Generally, leave to amend a dismissed complaint should be granted if it appears at all possible that the plaintiff can correct the defects in the complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). However, leave to amend may be denied when a plaintiff was previously notified of the deficiencies in his claims but did not cure them. See Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

Here, Plaintiff was previously informed of the deficiencies in his claims and his Second Amended Complaint failed to cure them. Accordingly, the Court will dismiss Plaintiff's Second Amended Complaint without leave to amend.

### D. Service of Doe Defendants

As Plaintiff was advised in the Court's November 18, 2013, screening order, although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. The burden is on plaintiff to discover the identity of the defendants. Plaintiff will be required to notify the Court how much time he needs to conduct discovery to ascertain the identities of Does 2 and 3.

## IV.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Defendants Warden Biter and John Doe 1 are dismissed from the action for failure to state a cognizable claim;

2. This action shall proceed on Plaintiff's excessive force claim against John Does 2 and 3;

3. Within fifteen (15) days from the date of service of this order, Plaintiff shall file a status report notifying the Court how much time he needs to conduct discovery to ascertain the identities of the two Doe defendants; and

///

5

4.   If Plaintiff fails to comply with this order, the action will be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated: **January 28, 2014**

UNITED STATES MAGISTRATE JUDGE