UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO POLONCO,<br><br>            Plaintiff,<br><br>    v.<br><br>M. D. BITER, et al.,<br><br>            Defendants. | Case No.: 1:12-cv-00984-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 15) |

    Plaintiff Rigoberto Polonco is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 5, 2012.  Local Rule 302.

    Plaintiff filed the action on June 19, 2012.  On January 28, 2014, the Court screened Plaintiff's second amended complaint, and dismissed Defendants Warden Biter and John Doe from the action for failure to state a cognizable claim, and found the action could proceed on Plaintiff's excessive force against John Does 2 and 3.  The Court granted Plaintiff fifteen days to file a status report notifying the Court how much time would be necessary to conduct discovery to ascertain the identifies of the two Doe Defendants.  (ECF No. 15, at 5.)

    On February 11, 2014, the Court granted Plaintiff thirty additional days to respond to the Court's January 28, 2014, order.  More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.  As a result, there is no information before the Court

as to identify of the two Doe Defendants to initiate service of process by the U.S. Marshal. Plaintiff was warned that dismissal would occur if he failed to obey the order. (ECF No. 15, at 6.)

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. Accordingly, this action is HEREBY DISMISSED for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **April 4, 2014**

UNITED STATES MAGISTRATE JUDGE