1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11    RIGOBERTO POLONCO,                    )   Case No.: 1:12-cv-00984-SAB (PC)
                                            )
12                   Plaintiff,             )   ORDER DENYING PLAINTIFF'S REQUEST FOR
                                            )   APPOINTMENT OF COUNSEL
13           v.                             )
                                            )
14    M. D. BITER, et al.,                  )   (ECF No. 23)
                                            )
15                   Defendants.            )
                                            )
16    _____      )

17           Plaintiff Rigoberto Polonco is appearing pro se and in forma pauperis in this civil rights action

18    pursuant to 42 U.S.C. § 1983.

19           On May 28, 2014, Plaintiff filed a declaration and requests the appointment of counsel.

20    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113

21    F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff

22    pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District

23    of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

24    request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

25           Without a reasonable method of securing and compensating counsel, the court will seek

26    volunteer counsel only in the most serious and exceptional cases.  In determining whether

27    "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

28

                                              1

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges an Eighth Amendment claim for excessive force. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. However, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 29, 2014**

UNITED STATES MAGISTRATE JUDGE