UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO POLONCO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. D. BITER, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00984-SAB (PC)<br><br>ORDER OPENING DISCOVERY FOR LIMITED PURPOSE OF IDENTIFYING DOES 2 AND 3 AND REQUIRING PLAINTIFF TO IDENTIFY DOCUMENTS WITHIN TWENTY DAYS<br><br>(ECF No. 29 ) |

Plaintiff Rigoberto Polonco is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff filed a motion for discovery, filed August 11, 2014.

This action is proceeding on Plaintiff's Second Amended Complaint, filed December 23, 2013, against Does 2 and 3 for excessive force while Plaintiff was housed at Kern Valley State Prison. In the Court's January 28, 2014, order, Plaintiff was directed to file a status report relating to the amount of time necessary to conduct discovery to ascertain the identities of the two Doe defendants.

On June 12, 2014, an order to show cause issued because Plaintiff failed to file the necessary status report. Plaintiff filed a response to the order to show cause on June 25, 2014. In his response, Plaintiff presented that he is currently incarcerated at Pelican Bay State Prison. Plaintiff asserted and attached an inmate request for interview in which he requests a copy of the CDCR 128B and rules violation dated May 5, 2011 (the date of the operative incident), while Plaintiff was housed at Kern

Valley State Prison in administrative segregation. Based on a finding of due diligence on the part of Plaintiff in attempting to ascertain the identity of the two correctional officers, named as Does 2 and 3 in the complaint for the alleged use of excessive force on May 5, 2011, the Court discharged the order to show cause. Plaintiff was directed to file a status report within thirty days from July 14, 2014, relating to the identity of these Doe Defendants.

Although the use of Doe defendants is generally disfavored, the law of this Circuit requires that Plaintiff be provided with "an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities. . . ." Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

Plaintiff is advised that the Court will not open discovery for an unfettered amount of time. The Court will open discovery for a period of three months. Given that Plaintiff is limited to seeking discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure at this juncture, he is entitled to the issuance of subpoenas duces tecum under Rule 45. Plaintiff shall notify the Court within twenty days which documents need to be produced by the California Department of Corrections and/or Kern Valley State Prison to identify Does 2 and 3. Plaintiff must be as specific as possible in terms of the document names. Upon receipt of sufficient information, the Court will direct the United States Marshal to serve the subpoenas duces tecum.

Accordingly,

IT IS HEREBY ORDERED that:

1. Discovery shall be open until **December 3, 2014**, for the limited purpose of obtaining documents necessary to identify Doe 2 and Doe 3; and

2. Within **twenty (20)** days from the date of service of this order, Plaintiff shall identify the documents necessary to identify Doe 2 and Doe 3.

IT IS SO ORDERED.

Dated:   **September 3, 2014**                    _____
UNITED STATES MAGISTRATE JUDGE

2