**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RIGOBERTO POLONCO,<br><br>              Plaintiff,<br><br>       v.<br><br>M. D. BITER, et al.,<br><br>              Defendants.<br>_____ | ) Case No.: 1:12-cv-00984-SAB (PC)<br>)<br>) ORDER GRANTING IN PART AND DENYING IN<br>) PART  PLAINTIFF'S MOTION FOR DISCOVERY<br>) AND ISSUANCE OF SUBPOENA DUCES<br>) TECUM<br>)<br>) [ECF No. 31]<br>)<br>)<br>) |

Plaintiff Rigoberto Polonco is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 15, 2014, Plaintiff filed a motion for discovery and requests issuance of a subpoena duces tecum commanding the Warden at Pelican Bay State Prison (PBSP) to produce certain documents to assist in the identity of Does 2 and 3.  Plaintiff contends that the Warden and/or Associate Warden at PBSP has not complied with his prior requests for information as to the identity of these Doe Defendants.

Plaintiff previously filed a motion for discovery on August 11, 2014, in which he indicated that his requests for access to certain documents were denied.  (ECF No. 29.)  On September 4, 2014, the Court opened discovery for the limited purpose of obtaining documents necessary to identify Does 2 and 3.  Plaintiff was also directed to identify any and all documents necessary to identity Does 2 and 3 for discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure.  (ECF No. 30.)

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d).  However, the Court will consider granting such a request only if the documents or tangible things from the nonparty are not equally available to Plaintiff.  Fed. R. Civ. P. 34.

Here, Plaintiff seeks a copy of all documents in his central file, a copy of a video tape recording of the May 5, 2011, incident and the identity of the correctional officers involved, a unit form relating to the identity of Doe 2, and any and all documentation by correctional officials on May 5, 2011, such as medical reports, minute order report, and incident log reports.  Plaintiff indicates that he has requested information but has received no response.  (ECF Nos. 29, 31.)  The Court grants in part and denies in part Plaintiff's motion for issuance of subpoena dues tecum.

The Court finds that Plaintiff's request for a copy of the entire central file to be overbroad, as such request is not limited to the circumstances relevant to this action.  Accordingly, the Court will limit the information from his central file as it relates to information pertinent to the factual circumstances of the May 5, 2011, incident only.

Pursuant to Federal Rule of Civil Procedure 45(a)(4), this order serves as notice to the parties that the United States Marshal will be direct to initiate service of the subpoena following the passage of ten days from the date of service of this order, and a copy of the subpoena shall be provided with this order.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1.     The Court authorizes the issuance of a subpoena duces tecum directing the Warden at Pelican Bay State Prison to produce the following documents:

    a.     Any documents from Plaintiff's central file relating to the May 5, 2011, incident at Kern Valley State Prison;

    b.     Any copy of a video recording or  information relating to a video recording of the May 5, 2011, incident and unit forms and/or name tags of the correctional officers involved in the incident; and

c.    Any documentation by correctional officers relating to the May 5, 2011,
incident involving Plaintiff at Kern Valley State Prison, such as medical reports,
minute order reports, and/or incident log reports.

2.    Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoena duces
tecum will be issued after the passage of **ten (10) days** from the date of service of this
order; and

3.    The Clerk of Court shall serve a copy of the subpoena with this order.

IT IS SO ORDERED.

Dated:   **January 13, 2015**

UNITED STATES MAGISTRATE JUDGE