UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO POLONCO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. D. BITER, et al.,<br><br>　　　　Defendants. | Case No.:1:12-cv-00984-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M) |

　　　　Plaintiff Rigoberto Polonco is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 5, 2012.  Local Rule 302.

　　　　This action is proceeding on Plaintiff's Second Amended Complaint, filed December 23, 2013, against Does 2 and 3 for excessive force while Plaintiff was housed at Kern Valley State Prison.  In the Court's January 28, 2014, order, Plaintiff was directed to file a status report relating to the amount of time necessary to conduct discovery to ascertain the identities of the two Doe defendants.

　　　　On June 12, 2014, an order to show cause issued because Plaintiff failed to file the necessary status report. Plaintiff filed a response to the order to show cause on June 25, 2014.  In his response, Plaintiff presented that he is currently incarcerated at Pelican Bay State Prison.  Plaintiff asserted and attached an inmate request for interview in which he requests a copy of the CDCR 128B and rules violation dated May 5, 2011 (the date of the operative incident), while Plaintiff was housed at Kern

1

Valley State Prison in administrative segregation.  Based on a finding of due diligence on the part of Plaintiff in attempting to ascertain the identity of the two correctional officers, named as Does 2 and 3 in the complaint for the alleged use of excessive force on May 5, 2011, the Court discharged the order to show cause.  Plaintiff was directed to file a status report within thirty days from July 14, 2014, relating to the identity of these Doe Defendants.

On January 13, 2015, the Court granted in part and denied in part Plaintiff's motion for discovery and issuance of subpoena duces tecum.  (ECF No. 32.)  The Court authorized the issuance of a subpoena duces tecum directing the Warden at Pelican Bay State Prison to produce documents.  (Id.)

On March 20, the subpoena duces tecum was returned executed and a declaration by Shara Soderlund, Litigation Coordinator, who declared that she is a custodian of records that are maintained on inmates committed to the custody of the California Department of Corrections and Rehabilitation and housed at Pelican Bay State Prison.  "Upon inspection of the records at Pelican Bay State Prison, we do not have the requested items in our possession.  The original records that were inspected for the requested items were prepared by personnel in the ordinary course of doing business at or near the time of the act, condition, or event of which they reflect."  (ECF No. 33, Decl. of Shara Soderlund.)

This action has been pending since June 2012, and Plaintiff has had since January 28, 2014, to ascertain the identity of the Doe Defendants and has conducted discovery to no avail.  Plaintiff was initially cautioned that the naming of a Doe defendant was sufficient to withstand dismissal of the complaint at the initial review stage; however, the action could not proceed without the identity of the Doe Defendants for purposes of service of process.  The burden is on Plaintiff and Plaintiff has failed to meet such burden despite the opening of discovery and the Court's assistance with such discovery. (ECF No. 15.)  Given that Plaintiff had been provided an ample opportunity through discovery to identify the unknown Defendants, and has failed to do so, dismissal is warranted. Fed. R. Civ. P. 4(m); see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  At this juncture, there is no other alternative but to dismiss the action, without prejudice pursuant to Federal Rule of Civil Procedure 4(m). See W. v. Fed. Bureau of Prisons, 2012 WL 893779, at *4 (E.D. Cal. Mar. 15, 2012)

(dismissing claims against Doe defendant for "[p]laintiff's failure to identify and serve Doe Defendant … within the 120-day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure.").

Based on the foregoing, it is HEREBY ORDERED that the instant action is DISMISSED, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated:   **April 10, 2015**

UNITED STATES MAGISTRATE JUDGE